## SUCCESSION OF JOHN TWIBILL.

The administration of the estate of one of the partners of a commercial firm, who had acted as liquidator of the partnership affairs, has only to account for and pay over to the new liquidator the funds which had come into the hands of the former liquidator.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Clark & Bayne* and *G. A. Breaux*, for appellant. *Durant & Hornor*, for appellee.

On a motion to dismiss:

VOORHIES, J. The New Orleans Gas Light Company moves to dismiss this appeal, on the ground that it has not been made a party to the appeal, and also that two judgments, one of which is not appealable, are illegally embraced in the same appeal, although entirely different and distinct.

Carleton Hunt, in the capacity of liquidator of the partnership affairs of the firm of John Twibill and William Aitkins, took a rule upon J. M. Demarest, administrator of the estate of Aitkins, for the purpose of obtain-

ing an account of the administration of Aitkins, deceased, who had been appointed liquidator of that firm previously to his death.   M. B. Dubuisson, as curator of the estate of John Twibill, deceased, and the attorney of the absent heirs, were made parties to this proceeding.

The curator denied the right of J. M. Demarest, administrator, to render an account of Aitkins' administration of the affairs of the partnership; but this opposition was overruled by the court, and the rule taken by the liquidator made absolute.

An account was filed by Demarest, which was opposed by, among others, the New Orleans Gas Light Company, who claimed an amendment of the account so as to be allowed interest on its claim.

The case, upon being tried in the court below, resulted in a judgment dismissing the oppositions and homologating the account.   The curator and the attorney of absent heirs appealed, and executed a bond in favor of "J. M. Demarest, administrator of the estate of William Aitkins et als. executors, administrators and assigns."

The proceeding by which the administrator of the estate of William Aitkins proceeded to classify the passive debts of the firm of John Twibill and William Aitkins, was unauthorized.   His duty was merely to account for the funds, which had been left in the hands of Aitkins, and to pay the same over to the liquidator.   This was not the proper time or occasion to discuss the merits of the claims of the creditors of the firm under charge of the liquidator.   It follows, therefore, that the New Orleans Gas Light Company is not a necessary party to the appeal.   Had it intervened for the purpose of inquiring, as a creditor, into the question of the assets to be handed over to the liquidator, its interest might then have been such as to make it a necessary party on appeal.   Such is not the case, however.

The other objection is untenable.   The interlocutory decree, ordering the administrator to file an account, necessarily comes up with the judgment homologating the account.

Motion dismissed.

On the merits:

DUFFEL, J.   On the 24th of May, 1859, Carleton Hunt, liquidator of the late commercial partnership of Twibill & Aitkins, on suggesting to the Judge of the Second District Court of New Orleans that on the death of John Twibill, his surviving partner, William Aitkins, was appointed liquidator; that said Aitkins is also dead, and that his administrator, John M. Demarest, *owes him an account*, took a rule on said Demarest, on the curator of the succession of said Twibill, on the widow of the deceased, and the attorney of the absent heirs, to show cause why said account should not be filed, and the administrator ordered to pay over the amount in his hands belonging to said concern.

The rule was made absolute, and ordered "Demarest, administrator of the succession of William Aitkins, to file an account of his administration of the succession of John Twibill, and to pay over to the liquidator whatever money he may have in his hands belonging to the late partnership of Twibill & Aitkins."

The administrator, in compliance with the order of the court, rendered and filed an account of the administration of Aitkins and of his own administration of the partnership of Twibill & Aitkins, without discriminating the acts of Aitkins from his own, and assigning as a reason that

" when he entered upon the duties of his office, the partnership affairs of Twibill & Aitkins were found inextricably mixed up with the private affairs of Wm. Aitkins, so as to render any accurate separation impossible, and it was entirely out of the power of the administrator to make any identification whatever of the partnership property," and besides, that the whole effects being perishable, and deteriorating in value, were ordered to be sold by the court, and the sale produced much less than the estimated value contained in the inventories made before and after the death of W. Aitkins, this loss being fully twenty-five per cent. below the appraisement made immediately after the death of John Twibill.

The account contains:

| | | |
|---|---|---|
| 1. A list of the debts of the partnership, paid, say.......... | | $ 6,285 17 |
| 2. A list of the outstanding debts, say.................... | | 3,742 67 |
| 3. The following privileged claims: | | |
| Durant & Hornor, professional services...... | $ 500 00 | |
| J. M. Demarest, preparing tableau.......... | 250 00 | |
| Half costs salary as clerk to Aitkins, 6 months, at $75—$450, the half thereof............. | 225 00 | |
| Mrs. John Twibill, at sundry times.......... | 298 50 | |
| | | 1,271 50 |
| 4. List of bad debts.............................2,048 21 | | |
| 5. Loss on sale of stock on hand, 25 per cent. on $8,745 88 | | 2,186 47 |
| Total debt.......................................... | | $ 15,534 02 |

CR.

| | |
|---|---|
| 1. Stock in trade, appraised............................. | $ 8,745 88 |
| 2. Open accounts due the firm........................... | 4,781 17 |
| 3. Cash in hand....................................... | 2,006 97 |
| Total credit......................................... | $ 15,534 02 |

Notice of the filing of the account was given according to law.

It was argued here by the administrator, that the liquidator was satisfied of the correctness of the account; he has not, at least, filed any opposition.

But various oppositions were made, among which we will only notice two: the one filed jointly by the attorney of the absent heirs and the curator of the estate of John Twibill, and the other by the New Orleans Gas Light Company.

The Gas Light Company was put down in the account, as unpaid creditor, for $1,265 12, and claim in the opposition legal interest on said amount, from 1st November, 1857, till paid.

The curator and attorney of absent heirs ask judgment in their favor, against the succession of William Aitkins, for $7,767, with legal interest from the 2d May, 1856, being the one-half of the gross assets of the partnership of Twibill & Aitkins, on the ground that Aitkins received the whole, as liquidator, and never paid any debt of the concern; they also oppose, *seriatim*, all the items of the account.

The District Judge dismissed all the oppositions, and homologated the account; the curator and attorney of the absent heirs appealed, both from the judgment of homologation and the judgment making the rule taken on the 24th May, 1859, absolute.

The plea of *res judicata* relied on by the administrator, is not tenable, being an attempt to impose on the reprssentatives and creditors of J. Twibill, and on the creditors of the partnership, an account which was then in litigation between the parties to this suit, by making it a component part of his account of the administration of the succession of William Aitkins.

As all the parties to this protracted and unprofitable litigation, have, in argument, expressed a desire to see this matter terminated, if possible, by a definitive judgment; and as the creditors of the partnership of Twibill & Aitkins, and the widow and legal representatives of the succession of John Twibill, have all had an opportunity of contesting the account herein filed, and some of them have joined issue with the administrator on all the items of the account, we will, in the interest of all the parties concerned, endeavor to do justice to each party, having due regard to the evidence.

It appears from the evidence that Aitkins, during his administration, paid all the claims charged in the account as satisfied, say.....$6,285 17

It further appears that Aitkins collected on the open accounts
 due the firm....................................$2,732 96,
 leaving uncollected the sum of $2,048 21, represented as bad debts.
It further appears that Aitkins received in cash, as
 per public inventory............................ 2,006 98
We will therefore assume that, to make up the amount disbursed, he must have realized on the stock
 in trade....................................... 1,545 23
           —————$6,285 17

Thus we have a balance, representing the stock in hand, of $7,200 65, and we are satisfied, from the evidence, that all those goods were, at the demise of Aitkins, in store, and that they were subsequently sold, by an order of court, in order to prevent their deterioration, at a loss of at least twenty-five per cent on the original appraisement. The fact, that those goods were confounded and mixed up with other goods of Aitkins, must have added to their value, as the private goods of Aitkins were fresh. Nor can it be charged that Aitkins should have disposed sooner of all the stock in trade, for he had, under the law, a year to do so, and the evidence shows, that he was qualified as liquidator on the 26th of June, 1856, and died on the first of November, of the same year. In the absence of any proof that the sale of the goods was prejudicial to the creditors, or that the proceeds would have been larger had they been sold separately from those belonging exclusively to the succession of Aitkins, we will, the evidence authorizing it, in order that the firm may not enrich itself at the expense of one of its members, allow the fair deduction of 25 per cent. on $7,200 65, say $1,800 16, thus leaving a balance to be accounted for of $5,400 49.

We are also satisfied that Aitkins must have used due diligence to collect, in four months, out of a number of open accounts, making in the aggregate, $4,781 17, the sum of $2,732 96; and the evidence justifies the deduction of the remaining accounts, say, $2,048 21, as bad debts. To attempt their collection, by legal process, would entail the concern with heavy costs to no purpose.

The evidence also shows, that the ordinary debts, amounting in the

aggregate to $3,742 67, are all partnership debts, so charged in the books of the concern; their payment will therefore be ordered, with the addition of legal interest, should the partnership be solvent, from 1st November, 1857, till paid, on the $1,265 12 due the New Orleans Gas Company.

It is proven that Durant & Hornor were the legal advisers of Aitkins, liquidator, and the amount charged for their services does not appear to us to be extravagant.

The services of J. N. Coit, as clerk of Aitkins, as liquidator, are also sustained by the evidence.

The claim of J. M. Demarest will be reduced to $135, being two and a half per cent on the amount which came in his hands, say, on $5,400 49.

The amount paid to ·Mrs. John Twibill, $298 50, will be rejected as having been paid without any warrant in law, reserving to the administrator his right of action against said widow Twibill, to recover back said sum on a proper showing.

The succession of Wm. Aitkins not being in default, cannot be charged with interest on the amount received by his administrator; and the opponents, conceding that the administrator acted in good faith, and asking no interest, by way of damages, against him individually, none will be allowed in our decree.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered, adjudged and decreed that the account of the administration of William Aitkins, as liquidator of the commercial partnership of Twibill & Aitkins, be amended as follows :

| | | |
|---|---|---|
| Total amount of assets | | $15,534 02 |
| Deduct, amount of bad debts | $2,048 21 | |
| Deduct, loss on stock in trade | 1,800 16 | |
| | | $ 3,848 37 |
| Net proceeds | | $11,685 65 |

CHARGES.

| | | |
|---|---|---|
| Debts paid creditors, as per detail in the account | | $6,285 17 |
| Due R. J. Ryle | $ 216 ,97 | |
| Meade, King & Co | 522 50 | |
| Tashan & Bros | 244 91 | |
| A. Brady, two notes...: | 1,061 00 | |
| E. V. Hanghewont | 228 00 | |
| W. T. Daley & Co., Bee | 204 17 | |
| New Orleans Gas Company | 1,265 12 | |
| (with 5 p. c. int. from 1st Nov. 1857, till paid, the payment of the interest to depend on the ability of the partnership to pay all its debts.) | | 3,742 67 |

PRIVILEGED CLAIMS.

| | | |
|---|---|---|
| Due Durant & Hornor, attorneys | $ 500 00 | |
| J. N. Coit, clerk | 223 00 | |
| Retained by J. M. Demarest, his comm... | 135 00 | |
| | | 858 00 |

Total amount of charges, less int. on claim N. O. Gas Co..... $10,885 84

It is further ordered and decreed, that all the other items of the account not herein included be rejected, and that the account, remodeled as above, be, and the same is hereby approved and homologated.

And whereas it appears from the above account, that the administrator of the succession of Wm. Aitkins has still in his hands, after deducting his own commission, the sum of $5,205 48; and whereas it further appears from the evidence, that the administrator has paid, in deduction, the following amounts, to wit:

To J. N. Coit, his salaries as clerk................$ 223 00
To Meade, King & Co., their claim................   522 50
To the present liquidator, Carleton Hunt......... 3,970 17
Thus leaving in his hands to be accounted for.....   549 81
                                                   ─────────
                                                   $5,265 48

It is, therefore, further ordered and decreed, that John M. Demarest, as administrator of the succession of Wm. Aitkins, late liquidator of Twibill & Aitkins, be condemned to pay to Carleton Hunt, as liquidator of the commercial firm of Twibill & Aitkins, the said remaining balance of five hundred and forty-nine dollars and eighty-one cents (549 81).

It is further ordered, that the right of action of the administrator to recover back from Mrs. John Twibill the sum of two hundred and ninety-eight dollars and fifty cents, unduly paid to her, as a charge against the partnership, be reserved.

It is further ordered, that the costs of both courts be paid out of the partnership funds.